**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Parminder Singh Walia

                Plaintiff,

      v.

The Veritas Healthcare Solutions, LLC
Chiranjeev Jolly, Simarjeev Jolly, and Simratjeev
Jolly

                Defendants.

Civil Action No. 13-civ-6935 (KPF)

## Reply Memorandum In Support of Defendants' Motion to Stay

Zeynel M. Karcioglu, Esq.
JACOBS & BURLEIGH LLP
445 Park Avenue, 17th Floor
New York, New York 10022
(212) 207-8787
*Attorneys for Defendants*

Defendants, The Veritas Healthcare Solutions, LLC, Chiranjeev Jolly, Simarjeev Jolly, and Simratjeev Jolly, through their undersigned counsel, submit this Reply Memorandum in Support of Their Motion to Stay this action pending full adjudication of the related – and in large part duplicative – matters by the Department of Labor's Administrative Review Board (the "ARB"). As the Court may recall, the Administrative Law Judge dismissed Mr. Walia's original proceeding in the DOL's Office of the Administrative Law Judges (the "OALJ"), and the matter is now before the ARB. All papers in that matter have been submitted, and the parties await a ruling. (See Karcioglu Decl. dated June 10, 2014 at ¶ 5).

### Plaintiff's Opposition Fails to Demonstrate Why This Action Should Continue in Two Forums at Great Cost to the Court, to the DOL, and to the Defendants

Notably, and as set forth in the Defendants' moving papers, a major reason for the dismissal of Mr. Walia's action was his own refusal to comply with discovery (and the Administrative Law Judge's numerous orders to do so). Moreover, in this action, when presented with an option to drop his claims pending currently before the ARB (which might enable him proceed in this Court with respect to those claims that are not within the jurisdiction of the DOL), Plaintiff demurred. *See* Tr. at 17:4-9. Therefore, it is Plaintiff's own acts that have brought about the very delay of which he now complains.

Plaintiff further does not dispute that the claims he is now asserting are wholly related and arise from the very same 2-week period in 2011 when Plaintiff was employed by the corporate defendant.

When Plaintiff was terminated, he brought claims in the Department of Labor involving back pay, front pay, retaliation, and his visa status and application. *All* of these claims are still before the DOL, yet Plaintiff now urges the Court to grant him expedited relief and proceed with

a full blown litigation with respect to these very same issues, facts and circumstances. Finally, and importantly, these very same facts, circumstances and issues will very likely, upon their ultimate determination before the ARB and DOL, be reviewed again by this Court – thereby duplicating resources and further risking inconsistent rulings/findings.

In short, it would be manifestly prejudicial and burdensome to Defendants if Plaintiff were permitted to both cause the delays that he is complaining of (due to his refusal to recognize the DOL's rules and authority), and, at the same time, subject the Defendants (as well as the DOL and this Court) to the great expenditure of resources in respect of litigating his non-meritorious claims in a second forum.

### The LaSala Factors Favor a Stay

Nor does Mr. Walia demonstrate how the *LaSala* factors tilt in his favor. As set forth in the Defendants' moving papers, those factors are: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff[] if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *LaSala v. Needham & Co.*, Inc. 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). While Mr. Walia dismisses this case as inapposite (and also claims that because the stay was eventually lifted, the analysis should not apply), *LaSala* clearly confirms the Court's substantial discretion in matters such as the one at hand, and Defendants' moving papers demonstrate the need to stay this matter under an analysis of the *LaSala* factors.

Plaintiff's only response in this respect is his vague and completely unsubstantiated claim that there is some sort of "threat to national security" at issue here. Such conclusory assertions are, of course, insufficient here, and do not outweigh either (i) the very real and immediate

burden that parallel litigations in two forums would impose on the Defendants and on the various tribunals hearing the matter, or (ii) the long-standing requirement that a plaintiff alleging a private cause of action under 8 U.S.C. § 1182(n) first exhaust his administrative remedies before proceeding with a District Court action.

### Plaintiff's Frivolous Requests Should Not Be Considered

In keeping with his past behavior, Mr. Walia seeks frivolous, and potentially sanctionable, remedies in his Opposition Papers, including seeking "disbarment" of counsel based on nothing more than the undersigned's proper and wholly appropriate representation of his clients. Plaintiff also proposes to "default" the defendants without a trial and seeks a "restraint order" whereby the sum of his alleged front wages would be paid to him pending trial (before the merits of his position can be considered). See pages 6, 7 of Plaintiff's Opp.

Plaintiff's aggressive use of the US legal system unfortunately is not new, and has been evident since his first claims before the DOL's Wage and Hour Division. In fact, Defendants' counsel anticipated Mr. Walia's aggressive use of motion practice to the Court in the parties' March 11, 2014 telephone hearing. See Tr. p. 20:12-20.

Some of the requests for relief sought by Mr. Walia to date include:

- a complaint to the Chief Administrative Law Judge to have the Administrative Law Judge that ruled against him recused . (See Ex. D);

- a motion in the ARB "To take action against Hon. Judge Timlin and other members of OALJ and DOL for torts and Impeachment" [sic] . (See Ex. E);

- a motion with the ARB to "Bar Attorney from council and represent ever in any case." (See Ex. F).

In short, Plaintiff has long sought judicial review of every ruling that goes against him – and also has sought to punish every person involved in that ruling – whether an officer of the

3

Court, an administrative law judge in the DOL.  Thus, just as his non-meritorious and outrageous claims in this action, alleging "human trafficking, extortion, blackmail, peonage, etc." are essentially defamatory, frivolous claims that waste valuable time and resources, so are his "motions" to "disbar", "default" and for a "restrain[ing] order".[1]  Plaintiff should not be rewarded for these kinds of non-meritorious motions against any person that happens to come into contact with this case.  His motions seek to intimidate Defendants and the personnel adjudicating the case, and are patently without basis in law or in fact, and his papers cannot make out a prima facie case for any relief he is seeking.   Therefore, they must be denied.

### Conclusion

In light of the foregoing and all of the Defendants' initial moving papers and submissions, Defendants respectfully request that the instant action be stayed pending a final resolution of Mr. Walia's claims under 8 U.S.C. § 1182(n) by the Department of Labor.

Dated: New York, New York
       June 10, 2014

Respectfully submitted,

JACOBS & BURLEIGH LLP

By: _____
Zeynel M. Karcioglu, Esq.
JACOBS & BURLEIGH LLP
445 Park Avenue, 17th Floor
New York, New York 10022
(212) 207-8787
*Attorneys for Defendants*

---

[1] Because the Court has directed that the subject matter of this motion is solely the Defendants' motion to stay, and because further there has been no notice of motion or proper/cognizable threshold assertions that might form the basis for any relief such as disbarment or the "restrain[ing] order" sought by Plaintiff, the Defendants do not waste further resources addressing Mr. Walia's requests for "disbarment", "default", or "restraint order."  Defendants' do, however, reserve the right, without prejudice, to seek sanctions in regard to Plaintiff's purported "motions", and future efforts he may make to intimidate.

4