UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                                       :
PARMINDER SINGH WALIA,                                 :
                                                       :
                                    Plaintiff,         :        13 Civ. 6935 (KPF)
                                                       :
                    v.                                 :        OPINION AND ORDER
                                                       :
THE VERITAS HEALTHCARE SOLUTIONS                       :
L.L.C., *et al.*,                                      :
                                                       :
                                    Defendants.        :
                                                       :
------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: December 23, 2014

KATHERINE POLK FAILLA, District Judge:

Plaintiff Parminder Singh Walia ("Plaintiff" or "Walia") brings this action

pro se against Defendants The Veritas Healthcare Solutions LLC ("Veritas") and

its owners and managers Chiranjeev Jolly, Simarjeev Jolly, and Simrat Jolly

(together, "Defendants").  Plaintiff, a citizen and resident of India, alleges that

Defendants induced him to come to the United States from the United

Kingdom, and obtained an H-1B visa for him,[1] while promising him

employment as a clinical research assistant.  Plaintiff claims that this

employment never materialized, and that he was paid less than promised, for a

shorter amount of time than promised, to perform different work than

promised.  Plaintiff brings claims for "Trafficking, Extortion, Blackmail,

Involuntary Servitude, Breach of Contract, Fraud, Unpaid wages, Mental

---

[1]     The Immigration and Nationality Act (the "INA") authorizes the issuance of H-1B visas
        to aliens who come "temporarily to the United States to perform services ... in a
        specialty occupation."  8 U.S.C. § 1101(a)(15)(H)(i)(b).

Torture, Retaliation to whistle blowing, Harassment and Conspiracy," as well as violations of "Civil, Human, Federal Rights and International treat[y] rights." (Complaint (Dkt. #2) 2-3).[2]  Defendants move to stay the instant litigation on the basis that the heart of Plaintiff's claims — that Defendants underpaid him during the period of his expected employment at Veritas in violation of the INA — is currently pending in a proceeding before the Department of Labor (the "DoL").  For the reasons set forth in this Opinion, Plaintiff's wage, retaliation, and INA fraud claims are dismissed without prejudice, and Defendants' motion for a stay with respect to the remaining claims is denied.

## BACKGROUND

### A.    Factual Background

Plaintiff is a citizen and resident of India who holds a bachelor's degree in pharmacy and a master's degree in pharmaceutical science.  (Complaint 48, 49).  In 2011, when he was hired by Veritas, he was working as a pharmacy dispenser at Northfield Pharmacy in London.  (*Id.* at 3, 50).  Defendants indicated in their H-1B visa application paperwork that they intended to employ Plaintiff full-time as a "Clinical/Medical Research Associate" at an annual wage of $50,856 between October 1, 2011, and September 30, 2014. (*Id.* at 26-30).  Accordingly, in October 2011, Plaintiff left the United Kingdom to begin work at Veritas in Manhattan.  (*Id.* at 3).

---

[2]      The facts set forth herein are drawn from the Complaint and the exhibits thereto, as well as the exhibits to the parties' briefs.  Citations to the Complaint include the page-numbering convention provided by this Court's electronic case filing (or "ECF") system. For convenience, the parties' memoranda of law will be referred to as "Def. Br.," "Pl. Opp.," and "Def. Reply."

Plaintiff alleges that Veritas was essentially in the business of fraudulently selling H-1B visas, and conducted no medical research of any type. (Complaint 3-6). Rather, Defendants forced Plaintiff and other employees to sell H-1B visas, threatening to fire Plaintiff, revoke his visa, and assault or kill him and his family in India if he refused or revealed their operations. (*Id.* at 3-5). Plaintiff alleges that he was not paid any wages during his brief employment. (*Id.* at 4, 6). Plaintiff does not indicate how his employment came to an end, but Defendants state that his employment was terminated roughly two weeks after it began (Def. Br. 1), placing the end of his employment in mid- or late October. Plaintiff emailed a complaint to Defendants on November 8, 2011, and alleges that it was only after that complaint that he received two checks that he cashed on November 9, 2011, totaling $2,802.52. (Complaint 4, 34, 37-38).

**B.      Plaintiff's DoL Complaint**

On November 7, 2011, Plaintiff registered a complaint with the DoL's Wage and Hour Division for violations of the INA with respect to the H-1B visa program, 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1182(n). (Complaint 4, 17). On October 19, 2012, the Wage and Hour Division informed Simarjeev Jolly that it had assessed Veritas $1,956 in back wages owed to Plaintiff. (Pl. Opp. Ex. 9). Defendants assert — and Plaintiff does not deny — that they made this amount available to Plaintiff, and he has refused to accept it. (Def. Br. 2). Plaintiff appears to regard the amount as insufficient compensation. (*See* Pl. Opp. 7). Plaintiff accordingly requested a hearing before DoL's Office of Administrative

Law Judges ("OALJ").  On August 7, 2013, Administrative Law Judge ("ALJ") Theresa C. Timlin ordered Plaintiff to show cause why his claim should not be dismissed with prejudice for his non-compliance with discovery requests; on October 10, 2013, having received no response from Plaintiff, ALJ Timlin dismissed his claim with prejudice.  (Def. Br. Ex. A).  On September 30, 2013, Plaintiff appealed this dismissal to the Administrative Review Board, which assigned the case ARB Case No. 14-002.  (Def. Br. Ex. B).  This appeal, which was fully briefed as of March 3, 2014, remains pending.  (Def. Br. 2).

## C.    The Instant Litigation

On September 30, 2013, the same day on which he appealed the OALJ's dismissal of his DoL complaint to the Administrative Review Board, Plaintiff filed the instant litigation.  In the Complaint, Plaintiff alleges "Trafficking, Extortion, Blackmail, Involuntary Servitude, Breach of Contract, Fraud, Unpaid wages, Mental Torture, Retaliation to whistle blowing, Harassment and Conspiracy," as well as violations of "Civil, Human, Federal Rights and International treat[y] rights."  (Complaint 2-3).[3]  Plaintiff does not identify in the Complaint precisely what federal rights of his were infringed, but in his brief in opposition to the instant motion he alleges violations of 18 U.S.C. §§ 1581, 1584, 1589, 1590, 1591, and 1592 (criminal statutes dealing respectively with peonage, sale into involuntary servitude, forced labor, human trafficking, sex trafficking, and unlawful conduct with respect to documents in

---

[3]    Plaintiff also alleges "[n]egligence, misconduct, [and] intentional misconduct by Employees of WHD, OALJ, DOL and FBI," though he does not seek to name the United States or any of its employees or agencies as parties.  (Complaint 3).

furtherance of the former).  (Pl. Opp. 7).  The Court does not at this time consider the plausibility of any of these allegations.

Plaintiff requests in the Complaint $2.4 million in relief, based upon an anticipated lifetime income of $96,000 per year over a 25-year career that he alleges Defendants' actions have cost him.  (Complaint 8).  Plaintiff may additionally seek roughly $300,000 in unpaid wages and expenses pursuant to the contract under which he alleges he came to New York to work.  (*See id.* at 9-10).  Plaintiff also requests a variety of relief against Defendants and multiple United States officers and agencies; such relief may well exceed the Court's powers, and certainly exceeds the scope of the current motion.  (*See id.* at 12-17).

Defendants move to stay the instant litigation, on the basis that the bulk of Plaintiff's claims are "actually based on the Immigration and Nationality Act (INA) section that governs the H-1b visa program."  (Def. Br. 1).

## DISCUSSION

### A.     Plaintiff's Claims for Unpaid Wages, Retaliation, and Fraud Under the INA Are Dismissed

Although neither party asks the Court to dismiss any part of the Complaint, the Court has an independent obligation to establish its own subject matter jurisdiction; "[i]f subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*."  *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.* v. *Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (citing *Louisville & Nashville R.R.* v. *Mottley,* 211 U.S. 149, 152 (1908)).  And "[i]f a party fails to

5

exhaust administrative remedies, then the court may dismiss the action because subject matter jurisdiction does not exist." *Gupta* v. *Headstrong, Inc.*, No. 12 Civ. 6652 (RA), 2013 WL 4710388, at *3 (S.D.N.Y. Aug. 30, 2013) (quoting *Howell* v. *I.N.S.*, 72 F.3d 288, 291 (2d Cir. 1995)).[4]

Courts in this District and elsewhere have concluded that the INA "contains a comprehensive regulatory enforcement scheme that provides for the investigation of claims and for remedies" for H-1B violations, and thus that "Section 1182(n) does not provide for a private right of action in federal court in the first instance for complaints concerning an employer's violation of the Section." *Shah* v. *Wilco Sys., Inc.*, 126 F. Supp. 2d 641, 647-48 (S.D.N.Y. 2000); *accord Venkatraman* v. *REI Sys., Inc.*, 417 F.3d 418, 423-24 (4th Cir. 2005) ("[A]n implied private right of action … is not implied under 8 U.S.C. § 1182(n)[.]").  And the regulations set forth pursuant to the INA explicitly contemplate that review in a United States District Court should cover only "final agency action."  20 C.F.R. § 655.850.

It is undisputed that review of Plaintiff's claims under the INA is continuing within the DoL; accordingly, those claims that are before the DoL must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  *See Gupta*, 2013 WL 4710388, at *3; *Shah*, 126 F. Supp. 2d at 646-50.  As the OALJ informed Plaintiff prior to his hearing, "[t]he scope

---

[4]    There are exceptions to this exhaustion requirement — "when: [i] available remedies provide no 'genuine opportunity for adequate relief'; [ii] irreparable injury may occur without immediate judicial relief; [iii] administrative appeal would be 'futile'; and [iv] in certain instances a plaintiff has raised a 'substantial constitutional question,'" *Guitard* v. *U.S. Sec'y of Navy*, 967 F.2d 737, 741 (2d Cir. 1992) — but none applies here.

of the Department's investigation is limited to the sixteen (16) violations listed in [8 C.F.R.] § 655.700." (Pl. Opp. Ex. 7). The Court believes that the OALJ is referring to the violations listed in 8 C.F.R. § 655.805(a), which are, as relevant to Plaintiff's Complaint: (1) filing a labor condition application that misrepresents a material fact; (2) failure to pay wages; and (13) discrimination against an employee for protected conduct. *See* 8 C.F.R. § 655.805(a).

Accordingly, the Court dismisses without prejudice Plaintiff's claims for unpaid wages and retaliation in violation of the INA. The Court dismisses as well Plaintiff's fraud claims insofar as they allege one or more material misrepresentations in an H-1B application, but does not dismiss such claims insofar as they allege common law fraud more generally. Plaintiff may seek review of the DoL's ultimate determination, but lacks either a private right of action under the INA or the right to seek interlocutory review of a still-pending agency determination in federal court. *See Guitard* v. *U.S. Sec'y of Navy*, 967 F.2d 737, 740 (2d Cir. 1992) ("Under the exhaustion rule, a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.").

## B. Defendants' Motion to Stay Is Denied as to the Remaining Claims

The Court considers five factors in deciding whether to grant a stay: "[i] the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; [ii] the private interests of and burden on the defendants; [iii] the interests of the courts; [iv] the interests of persons not parties to the civil litigation; and

[v] the public interest." *LaSala* v. *Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005); *Kappel* v. *Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); *Arden Way Associates* v. *Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987).

Defendants' arguments as to why the instant litigation should be stayed pending the outcome of the DoL proceedings are largely based on the overlap of those claims "involving back pay, front pay, retaliation, and his visa status and application." (Def. Reply 1). Yet since the Court dismisses from this litigation the claims that are currently pending before the DoL, there is no longer any direct overlap of claims; accordingly the Court is left with little justification for a stay beyond the slight risk of inconsistent factual findings. Although a more harmonious resolution of this action might be obtained by awaiting the full resolution of the claims based upon the INA, the Court does not believe that this justifies a stay when set against Plaintiff's interest in adjudication of his other allegations — especially where, if true, those allegations seriously implicate Plaintiff's rights and potentially those of other visa applicants. Accordingly, the application for a stay is denied.

## CONCLUSION

For the reasons set forth in this Opinion, Plaintiff's claims as to unpaid wages, retaliation, and fraud under the INA are DISMISSED without prejudice. Defendants' motion for a stay is DENIED. The Clerk of Court is directed to terminate the motion contained at docket entry 22.

Defendants are directed to file an answer or other response to Plaintiff's Complaint no later than **January 12, 2015**.

SO ORDERED.

Dated:      December 23, 2014
            New York, New York

_____
            KATHERINE POLK FAILLA
            United States District Judge